IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRIAN J. SUDBECK,<br><br>        Plaintiff,<br><br>vs.<br><br>NORFOLK/LINCOLN REGIONAL CENTER, and NRC/LRC PAYEE,<br><br>        Defendant. | 8:21CV265<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on Plaintiff's application to proceed in forma pauperis (Filing 2). The application will be granted, but the court will not authorize issuance of summons. Instead, the matter will be dismissed for lack of subject matter jurisdiction.

Plaintiff's complaint is styled as one for review of a social security disability decision under 42 U.S.C. § 405(g). That statute provides in part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Plaintiff is not seeking judicial review of a final decision of the Commissioner made after a hearing to which he was a party.

Plaintiff is complaining that the Social Security Administration appointed the Norfolk and Lincoln Regional Centers as payees for his disability insurance benefits. (Filing 1, p. 3.) A more likely payee is the Nebraska Department of Health and Human Services, which is responsible for operating the regional centers. *See* Neb. Rev. Stat. §§ 71-911, 83-101.06.

Under Nebraska law, civilly committed patients at the regional centers are liable for the cost of their care and treatment:

> When any person is admitted to a state institution or other inpatient treatment facility pursuant to an order of a mental health board under the Nebraska Mental Health Commitment Act or the Sex Offender Commitment Act or receives treatment prescribed by such institution or facility following release or without being admitted as a resident patient, the patient and the patient's relatives shall be liable for the cost of the care, support, maintenance, and treatment of such person to the extent and in the manner provided by sections 83-227.01, 83-227.02, 83-350, and 83-363 to 83-380. Such sections also shall apply to persons admitted to a state institution as transferees from any state penal institution or youth rehabilitation and treatment center but only after the expiration of the time for which the transferees were originally sentenced or committed.

Neb. Rev. Stat. Ann. § 83-364 (Westlaw 2021). "The Department deducts liabilities from income and assets to determine available net assets eligible to pay for care. The available net assets eligible to pay for care is multiplied by a percentage to determine the amount the client has to pay." Neb. Admin. R. & Regs. Tit. 202, Ch. 1, § 004.01.

The Social Security Act provides that if an individual is unable to manage his or her benefits, a person or entity can apply to be representative payee to receive the individual's benefits. *See* 42 U.S.C. § 405(j). Payment of benefits cannot generally be certified to creditors who supply the recipient with goods or services, but an exception is provided for a State licensed or certified health care facility having custody of the disabled person. *See* 42 U.S.C. § 405(j)(2)(C)(iii)(IV).

If Plaintiff wishes to challenge the certification decision, he must file a claim with the Social Security Administration and pursue his administrative remedies. *See* 42 U.S.C. § 405(j)(2)(E)(i) ("Any individual who is dissatisfied with a determination by the Commissioner of Social Security to certify payment of such individual's benefit to a representative payee under paragraph (1) or with the designation of a particular person to serve as representative payee shall be entitled to a hearing by the Commissioner of Social Security to the same extent as is provided in subsection (b), and to judicial review of the Commissioner's final decision as is provided in

subsection (g)."). Plaintiff cannot start the process in federal court. *See Hunter v. Saul*, No. 3:19-CV-1021-J-34JBT, 2020 WL 4275562, at *4 (M.D. Fla. July 8, 2020) (plaintiff not entitled to judicial review of Commissioner's representative payee decision until administrative remedies are exhausted), *report and recommendation adopted*, 2020 WL 4261188 (M.D. Fla. July 24, 2020); *Laurie Q. v. Callahan*, 973 F. Supp. 925, 932 (N.D. Cal. 1997) (holding that plaintiffs must "submit their representative payee claims to the Commissioner before" seeking judicial review).

IT IS THEREFORE ORDERED:

1. Plaintiff's application to proceed in forma pauperis (Filing 2) is granted.

2. This matter is dismissed without prejudice for lack of subject matter jurisdiction.

3. Plaintiff's motions for appointment of counsel (Filings 5, 6) are denied without prejudice, as moot.

4. Judgment shall be entered by separate document.

Dated this 16th day of September 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge